# UNITED STATES DISTRICT COURT

for the

Southern District of Mississippi

Eastern Division



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 12 2024
ARTHUR JOHNSTON
BY_____ DEPUTY

|  |  |
|---|---|
| JEREMY ANDREW THOMPSON | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| -v- | |
| AMERICAN EXPRESS COMPANY | |

Case No. 2:24cv4-TBM-RPM

Jury Trial: *(check one)*  ☐ Yes  ☒ No

## VERIFIED COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT
(28 U.S.C § 1331; Federal Question)

JEREMY ANDREW THOMPSON, sues Defendant AMERICAN EXPRESS COMPANY for compensatory, liquidated, and punitive damages and states:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for compensatory, liquidated, and punitive damages in excess of $100,000.
2. At all times material to this lawsuit, JEREMY ANDREW THOMPSON was a resident of the great state of Mississippi.
3. At all times material to this lawsuit, AMERICAN EXPRESS COMPANY was operating its business in the state of New York.
4. AMERICAN EXPRESS COMPANY's headquarters is located at 200 Vesey Street New York, NY 10285-3106, phone number 212-640-2000
5. The district court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants the district court's "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"

6. Plaintiff's suit against Defendant is based upon the following United States Codes, the Uniform Commercial Code-+, and the great foundation of our nation the Constitution of the United States.
7. 12 U.S.C § 83, [No national bank shall make any loan or discount on the security of the shares of its own capital stock.]
8. 12 U.S.C § 1431, [Each Bank shall have the power…to borrow and give security therefor and to pay interest thereon…to issue debentures, bonds, or other obligations…]
9. 18 U.S.C § 8, [The term obligation or other security of the United States includes all bonds…checks, or drafts for money drawn by or upon authorized officers of the United States…]
10. 12 U.S.C § 373, [Any member bank may accept drafts or bills of exchange drawn upon it having not more than three months' sight to run, exclusive of days of grace, drawn under regulations to be prescribed by the Board of Governors of the Federal Reserve System by banks…]
11. 12 U.S.C § 411, [Federal reserve notes, to be issued…for the purpose of making advances to Federal reserve banks, through the Federal reserve agents as hereinafter set forth and for no other purpose, are authorized. The said notes shall be obligations of the United States…]
12. 12 U.S.C § 412, [Any Federal reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, acceptances,…or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof…in no event shall such collateral security be less than the amount of Federal reserve notes applied for.]
13. 15 U.S.C § 1602(f), [The term "credit" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.]
14. 15 U.S.C § 1602(g), [The term "creditor" refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than for installments or for which the payment of a finance charge is or may be required…and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the fact of the evidence of indebtedness, or if there is no such evidence of indebtedness, by agreement.]
15. 15 U.S.C § 1602(i), [The adjective "consumer", used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are subject of the transaction are primarily for personal, family, or household purposes.]
16. U.C.C. § 3-102, [This article applies to negotiable instruments, does not apply to money]
17. U.C.C. § 3-104(a), [Negotiable instrument means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order.]
18. U.C.C. § 3-104(b), ["Instrument" means negotiable instrument]

19. U.C.C. § 3-104(e), [An instrument is a "note" if it is a promise and is a "draft" if it is an order. If an instrument falls within the definition of both "note" and "draft," a person entitled to enforce the instrument may treat it as either.

20. U.C.C. § 3-104(f), [Check means (i) a draft, other than a documentary draft, payable on demand and drawn on a bank…An instrument may be a check even though it is described on its face by another term]

21. U.C.C. § 3-205(b), [If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

22. U.C.C. § 3-205(c), [The holder may convert a blank indorsement that consist only of a signature into a special indorsement by writing, above the signature of the indorser, words identifying the person to whom the instrument is made payable.

23. U.C.C. § 3-302, ["Holder in due course" means the holder of an instrument if: (1) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and (2) the holder took the instrument for value, in good faith, without notice that the instrument is overdue or has been dishonored…(v) without notice of any claim to the instrument described in section 3-306, and (vi) without notice that any party has a defense or claim in recoupment described in Section 3-305(a)]

24. U.C.C. § 3-305(a), [The right to enforce the obligation of a party to pay an instrument is subject to the following:… (ii) duress, lack of legal capacity, or illegality of the transaction, which under other law, nullifies the obligation of the obligor, (iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms…(3) a claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument.]

25. U.C.C. § 3-305(d), [In an action to enforce the obligation of an accommodation party to pay an instrument, the accommodation party may assert against the person entitled to enforce the instrument any defense or claim in recoupment under subsection (a) that the accommodated party could assert against the person entitled to enforce the instrument, except the defenses of discharge in insolvency proceedings, infancy, and lack of legal capacity.]

26. U.C.C. § 3-306, [A person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of a property or possessory right in the instrument and its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds. A person having rights of a holder in due course takes free of the claim to the instrument.

27. U.C.C. § 3-309a, [A person not in possession of an instrument is entitled to enforce the instrument if: (1) the person seeking to enforce the instrument (A) was entitled to enforce the instrument when loss of possession occurred…and (3) the person cannot reasonably obtain possession of the instrument because… its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found]

28. U.C.C. § 3-307(a)(1), [Fiduciary means an agent, trustee, partner, or corporate officer or director, or other representative owing a fiduciary duty with respect to an instrument.]

29. U.C.C. § 3-307(a)(2), [Represented person" means the principal, beneficiary, partnership, corporation, or other person to whom the duty stated in paragraph (1) is owed.]
30. U.C.C. § 3-307(b)(1), [Notice of breach of fiduciary duty by the fiduciary is notice of the claim of the represented person.]
31. U.C.C. § 3-307(b)(2), [In the case of an instrument payable to the represented person or the fiduciary as such, the taker has notice of the breach of fiduciary duty if the instrument is (i) taken in payment of or as security for a debt known by the taker to be the personal debt of the fiduciary, (ii) taken in a transaction known by the taker to be for the personal benefit of the fiduciary, or (iii) deposited to an account other than an account of the fiduciary, as such, or an account of the represented person.]
32. U.C.C. § 3-307(b)(3), [If an instrument is issued by the represented person or the fiduciary as such, and made payable to the fiduciary personally, the taker does not have notice of the breach of fiduciary duty unless the taker knows of the breach of fiduciary duty.]
33. U.C.C. § 3-307(b)(4), [If an instrument is issued by the represented person or the fiduciary as such, to the taker as payee, the taker has notice of the breach of fiduciary duty if the instrument is (i) taken in payment of or as security for a debt known by the taker to be the personal debt of the fiduciary, (ii) taken in a transaction known by the taker to be for the personal benefit of the fiduciary, or (iii) deposited to an account other than an account of the fiduciary, as such, or an account of the represented person.]
34. U.C.C. § 3-308, [If the validity of signatures is admitted or proved…a Plaintiff producing the instrument is entitled to payment if the Plaintiff proves entitlement to enforce the instrument under Section 3-301, unless the Defendant proves a defense or claim in recoupment…the right to payment of the Plaintiff is subject to the defense or claim, except to the extent the Plaintiff proves the Plaintiff has rights of a holder in due course which are not subject to the defense or claim.]
35. U.C.C. § 3-601(a), [The obligation of a party to pay the instrument is discharged as stated in this Article or by an act or agreement with the party which would discharge an obligation to pay money under a simple contract]
36. U.C.C. § 3-602(b), [an instrument is paid to the extent the payment is made (i) by or on behalf of a party obliged to pay the instrument, and (ii) to a person entitled to enforce the instrument. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section 3-306 by another person]
37. U.C.C. § 3-603a, [If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract]
38. U.C.C. § 3-603b [If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.]
39. U.C.C. § 3-603c [If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of

payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.]

40. U.S. Const. art I, § 8. [Congress shall have the power...to pay the debts and provide for the ...general welfare of the United States...To borrow money on the credit of the United States.]

41. U.S. Const. art I, § 10.  [No state shall...pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts..]

42. Black's Law definition of Money [In usual and ordinary acceptation, it means gold, silver, or paper money used as a circulating medium of exchange and does not embrace notes, bonds, evidences of debt or other personal or real estate.]

43. Black's Law definition of Bill of Exchange [An unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money. A three party instrument in which first party draws an order for the payment of a sum certain on a second party for payment to a third party at a definite future time. Same as "draft" under U.C.C. A check is a demand bill of exchange.]

44. This court has jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

45. In 2017, Plaintiff and Defendant entered into an agreement whereby Plaintiff provided a collateral security application for access to its consumer credits.

46. In 2018, Plaintiff and Defendant entered into an agreement whereby Plaintiff provided collateral security application for access to its consumer credits.

47. On September 14, 2023 Plaintiff and Defendant entered into an agreement whereby Plaintiff provided collateral security for access to its consumer credits.

48. The request from #47 was denied.

49. Defendant currently holds applications on behalf of Plaintiff's account.

50. Plaintiff was unaware at the time that the applications were created they were blank indorsements.

51. Plaintiff was unaware applications were valuable securities at the time of creation.

52. Plaintiff has many blank indorsements with Defendant.

53. Plaintiff has never received any consumer credits, interest, or any amount due to the Principal account.

54. Plaintiff has manufactured many securities for AMERICAN EXPRESS COMPANY by using its cards for many years.

55. Plaintiff is due interest on the account.

56. In September, Plaintiff sent payments for multiple accounts.

57. Defendant denied any payments were sent.

58. Defendant refused to perform on behalf the account.

59. Defendant was notified Plaintiff was operating in the capacity of the creditor.

60. Defendant has kept Plaintiff's application security collaterals.

61. Defendant failed to honor the agreement by providing credits due to the plaintiff.

62. Plaintiff attempted to remedy the situation with letters of instructions sent to the Defendant.

63. Letters of instructions explained to Defendant's Chief Financial Officer what to do with credits and interest due on account.
64. Instructions sent were contained in 3 separate letters to the Defendant's Chief Financial Officer.
65. Defendant failed to follow instructions in letter titled, "DEMAND FOR EXPEDITED CREDIT EXTENSION" received by Defendant on 11 September 2023.
66. A copy of the letter referenced in #65 is attached as Exhibit A.
67. Defendant failed to follow instructions in letter titled "OPPORTUNITY TO CURE" received by Defendant on 25 September 2023.
68. A copy of the letter referenced in #67 is attached as Exhibit B.
69. Defendant failed follow instructions in letter titled "NOTICE OF DEFAULT" received by Defendant on 6 October 2024.
70. A copy of the letter referenced in #69 is attached as Exhibit C.
71. All letters sent United States Postal Service Certified Mail. Receipts attached as Exhibits D and E.
72. Defendant failed to acknowledge the letters of instructions.
73. Defendant failed to provide valuable consideration to Plaintiff's Principal account.
74. Plaintiff was obligated to notify Defendant of the breach.
75. Defendant refused to provide consumer credits to Plaintiff.
76. Defendant's letters of denial are attached as Exhibits F, G, H, and I.
77. Defendant denied Plaintiff's application submitted was the security collateral needed to obtain credit.
78. Defendant had fiduciary obligation to perform on the account.
79. Defendant's agent ignored all instructions.
80. Defendant's own card member agreement specifically states payments can be sent as negotiable instruments.
81. #80 from the Defendant's Card Member Agreement states "Payments must also (1) include the remittance coupon from your statement; (2) be made with a single check drawn on a US bank and payable in US dollars, or with a negotiable instrument payable in US dollars and clearable through the US banking system." Attached as Exhibit J
82. Bills of Exchange/Checks for American Express Personal and business cards, attached as Exhibit K.
83. Plaintiff is willing to allow Defendant to keep interest from positive securities created in exchange for open ended credit.

WHEREFORE JEREMY ANDREW THOMPSON, and its agent, demand judgment for compensatory, liquidated, and punitive damages against AMERICAN EXPRESS COMPANY, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause    unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case—related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing:        1/12/2024

                        BY: _____ /agent

Signature of Plaintiff   FOR: JEREMY ANDREW THOMPSON / Principal

Printed Name of Plaintiff  JEREMY ANDREW THOMPSON
Street Address             105 Sandra Ln, Hattiesburg
State and Zip Code         Mississippi, 39402
Telephone Number           601-673-8388
Email Address              jthompson00100@gmail.com